# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| RODNEY D. MCMORRIS, | |
| Petitioner, | CIVIL ACTION NO.: 2:15-cv-159 |
| v. | |
| J.V. FLOURNOY, | |
| Respondent. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rodney McMorris ("McMorris"), who is currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 9). For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** McMorris' Section 2241 Petition, **CLOSE** this case, and **DENY** McMorris *in forma pauperis* status on appeal.

## BACKGROUND

McMorris was convicted in the Eastern District of Texas, after entry of a guilty plea, of conspiracy to possess a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 226 months' imprisonment as a result of his classification as a career offender under the Sentencing Guidelines.[1] (Doc. 9-1, pp. 6–8; Doc. 9-7.) McMorris filed a direct appeal, and the Fifth Circuit Court of Appeals dismissed that appeal as frivolous. United States v. McMorris, 200 F. App'x 323 (5th Cir. 2006).

---

[1] McMorris' Guidelines' range was 262 to 327 months' imprisonment, but the government sought a downward departure based on McMorris' cooperation. (Doc. 10-4, p. 14.)

McMorris filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 9-10.) McMorris asserted that his trial counsel was ineffective because he failed to inform McMorris of the consequences of his plea agreement, such as waiving his right to appeal the trial court's denial of his objections to the career offender enhancement. (Id. at pp. 6, 19–24.) The Eastern District of Texas dismissed McMorris' motion. (Docs. 9-12, 9-13.)

## DISCUSSION

In his current Petition, McMorris contends his prior convictions no longer constitute crimes of violence, in light of the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (Doc. 1, p. 1.) Specifically, McMorris asserts he is entitled to the same relief as those offenders who were sentenced under the Armed Career Criminal Act's ("ACCA") residual clause[2] because the language of the career offender provision's residual clause is virtually identical to the language contained in the ACCA's residual clause. (Id. at p. 2.)

Respondent argues McMorris cannot proceed under Section 2241 in this Court because he cannot satisfy Section 2255(e)'s savings clause. (Doc. 9, pp. 3–5.) Respondent states that Johnson announced a new constitutional rule[3], which does not permit the use of Section 2241. (Id. at p. 5.) Rather, Respondent asserts that Johnson-based claims can be raised in a successive Section 2255(h) motion. (Id. & at p. 6.) In addition, Respondent asserts, should this Court

---

[2] The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.

[3] While the United States Supreme Court has now decided Johnson announced a substantive rule that applies retroactively to cases on collateral review, Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), Respondent's requested relief of dismissal of McMorris' Section 2241 is no less appropriate.

2

recharacterize McMorris' Petition as a Section 2255 motion, his claims would fail on the merits. (Id. at p. 7.)

## I.     Whether McMorris can Proceed Pursuant to Section 2241

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'"  Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)).  Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction.  28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). However, a petitioner, such as McMorris, who has already brought a petition under Section 2255, must obtain certification from the appropriate Court of Appeals before bringing a second or successive Section 2255 motion.  28 U.S.C. § 2255(h).

Rather than seeking permission to file a second or successive Section 2255 motion from the Fifth Circuit Court of Appeals, McMorris filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence.  Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).  28 U.S.C. § 2255(e) expressly limits the circumstances under which a Section 2241 petition may be filed.

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under Section 2255 is inadequate or ineffective to test the legality of his detention.  Specifically, Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In Bryant, the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC Coleman, 538 F. App'x 850, 852 (11th Cir. 2013) ("[A]

4

petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim."). Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

As noted above, McMorris relies upon the Supreme Court's decision in Johnson to support his savings clause argument.[4] In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id.

McMorris' Johnson claims do not satisfy the Bryant factors because he cannot show that the savings clause reaches those claims. Specifically, the remedy afforded by Section 2255 is not inadequate or ineffective to raise these claims. McMorris has a remedy under 28 U.S.C. § 2255(h) to obtain permission from the Fifth Circuit to file a second or successive Section 2255 motion.[5] On this front, the Court notes that the United States Supreme Court recently decided in

---

[4] The Court notes McMorris does not assert he is proceeding under the savings clause of Section 2255. However, using the savings clause is the only way McMorris could have to potentially use Section 2241 to reach his claims.

[5] 28 U.S.C. § 2255(h) provides,

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

Welch v. United States, \_\_\_ U.S. \_\_\_ 2016 WL 1551144 (Apr. 18, 2016), that Johnson applies retroactively to cases on collateral review. While the Fifth Circuit has not spoken to this issue, the Eleventh Circuit has already recognized Welch's holding and Johnson's application to cases on collateral review. In re Robinson, \_\_\_ F.3d \_\_\_, No. 16-11304, 2016 WL 1583616 (11th Cir. Apr. 19, 2016).

Furthermore, the savings clause only applies where a petitioner is categorically prevented from ever proceeding with a successive § 2255(h) motion, such as when a second or successive claim is based on a new rule of statutory construction rather than on new evidence or a new rule of constitutional law. See, e.g., Bryant, 738 F.3d at 1377–78 (discussing retroactivity requirements in context of deciding whether § 2255 is inadequate or ineffective); see also In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (explaining a new claim cannot be raised under Section 2241 unless it is based on "a change that eludes permission in section 2255 for successive motions"). In this case, McMorris has available to him an actual remedy under Section 2255, specifically, the right to request permission to file a second or successive Section 2255 motion.[6] This Court expresses no opinion on the ultimate success of such an application.

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[6] Other courts have noted that, while Johnson and Welch may provide relief under Section 2255(h), they do not provide grounds for filing a Section 2241 Petition under Section 2255(e). See King v. Werlich, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) ("Courts have decided that habeas corpus relief under 28 U.S.C.A. § 2241 is not the appropriate method of collateral attack under Johnson."). Magistrate Judge Brian K. Epps of this District recently concluded that a petitioner cannot bring a Johnson claim via Section 2241 due the availability of relief under Section 2255(h). R. & R., Richard v. Stone, Case 3:16-cv-1 (Apr. 25, 2016), ECF No. 15 ("Regardless of whether the [circuit court] actually grants permission for Petitioner to file a second or successive § 2255 motion, there is an available avenue to pursue a Johnson claim, and he therefore cannot pursue relief in this Court under § 2241.").

However, regardless of the merits of McMorris' Johnson arguments, Section 2255(h) clearly provides him a procedural avenue to assert those arguments. As such, he need not, and, thus, cannot, rely upon Section 2255(e). See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s savings clause does not apply.").

Additionally, a Section 2255 motion is not "inadequate or ineffective" under the savings clause merely because McMorris may be unable to comply with procedural restrictions. Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). McMorris unsuccessfully brought a Section 2255 motion in the district of his conviction. However, the potential successiveness bar in § 2255(h) does not itself render a § 2255 motion inadequate or ineffective. Gilbert, 640 F.3d at 1308. Similarly, the fact that McMorris' claims could be barred by the statute of limitations does not satisfy Section 2255(e)'s savings clause. Jones, 520 F. App'x at 945. Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015). Since it appears McMorris has available to him to the ability to seek permission to file a second or

successive Section 2255 motion, he cannot show that Section 2255's remedy is "inadequate or ineffective" to challenge his sentence.

For all of these reasons, McMorris has not satisfied the requirements of Section 2255(e)'s savings clause. Consequently, he cannot "open the portal" to argue the merits of his Section 2241claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).[7]

McMorris is reminded that the filing of Section 2255 motions is governed by a statute of limitations period, and of particular significance is Section 2255(f)(3). "It is important to note that 28 U.S.C. 2255(f)(3) requires that a § 2255 motion relying on a newly-recognized right must be filed within one year from 'the date on which the right asserted was initially recognized by the Supreme Court[.]'" King v. Werlich, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) (quoting 28 U.S.C. § 2255(f)(3)). Johnson was decided by the Supreme Court on June 26, 2015. "Further, the one-year period prescribed by 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted[ ] and *not* from the date the newly recognized right was found to be retroactive." Id. (emphasis in original) (citing Dodd v. United States, 545 U.S. 353, 358 (2005)).

However, the Court makes no comment on the efficacy of any argument that Johnson applies to a defendant's claim in a Section 2255 motion that a sentence based on the career offender provision of the Sentencing Guidelines (rather than the ACCA) is unconstitutional. See United States v. Matchett, 802 F.3d 1185, 1189 (11th Cir. 2015) (rejecting the argument that the definition of "crime of violence" in the Sentencing Guidelines is unconstitutionally vague in light of Johnson, as the vagueness doctrine "applies only to laws that prohibit conduct and fix punishments, not advisory guidelines[ ]"); see also United States v. Foote, 784 F.3d 931, 936

---

[7] Because the Court need not address the relative merits of McMorris' claims due to his failure to satisfy the savings clause, the Court will not discuss whether McMorris' previous convictions fall within the career offender provision of the Sentencing Guidelines.

8

(4th Cir. 2015) (finding that an erroneous application of the sentencing guidelines, including the career offender designation, is not cognizable on collateral review pursuant to Section 2255); but see Lucas v. United States, CIV. 15-5082-JLV, 2016 WL 552471, *3 (D.S.D. Feb. 10, 2016) (noting the "nearly identical language and interpretation of the residual clauses of the ACCA and the sentencing guideline," and finding the residual clause of the career offender provision to be unconstitutionally vague).

Based on these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** McMorris' Section 2241 Petition.

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny McMorris leave to appeal *in forma pauperis*. Though McMorris has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit

either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of McMorris' Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 9), **DISMISS** McMorris' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **CLOSE** this case, and **DENY** McMorris leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon McMorris and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA